# RUHNKE & BARRETT
ATTORNEYS AT LAW

47 PARK STREET
MONTCLAIR, N.J. 07042
973-744-1000
973-746-1490 (FAX)

2 WALL STREET, THIRD FLOOR
NEW YORK, N.Y. 10005
212-608-7949
212-571-3792 (FAX)

DAVID A. RUHNKE (davidruhnke@ruhnkeandbarrett.com)   ◇   JEAN D. BARRETT (jeanbarrett@ruhnkeandbarrett.com)

REPLY TO MONTCLAIR OFFICE

April 8, 2012

By ECF
Honorable Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   *United States v. Alejo Polanco, et al.*, Crim. No. 08-CR-65 (SLT)

Dear Judge Townes:

I write, respectfully, to provide further legal argument on behalf of Alejo Polanco regarding the question whether the statutory mandatory minimum sentence provided in 18 U.S.C. § 924(c) applies to a sentence imposed in accordance with § 924(j). The Government has argued that § 924(j) is a distinct substantive offense and not a sentencing enhancement factor for a § 924(c) violation and that, therefore, the penalty provisions of (c) do not apply to § 924(j). Mr. Polanco agrees with the Government's position for a number of reasons.

First, and most importantly, because § 924(j) provides for a greater maximum penalty for a violation of its provisions, the death penalty, than § 924(c), which provides for a maximum punishment of life imprisonment, treating § 924(j) as a sentencing enhancement rather than a distinct offense, violates the Sixth Amendment. The most important difference between a sentencing factor and a separate offense is the requirement that the elements of the greater offense be found to exist by a jury beyond a reasonable doubt, whereas, the existence of a sentencing enhancement may be determined by the Court at sentencing by a preponderance of the evidence. *United States v. O'Brien*, 130 S.Ct. 2169, 2174 (2010). Any statute which increases the statutory maximum, as 924(j) does, is a separate offense not a sentencing enhancement. *See Apprendi v. New Jersey*, 530 U.S. 466, 483 (2000). *Accord Ring v. Arizona*, 536 U.S. 584, 589 (2002).

Furthermore, the invocation in § 924(j) of § 924(c) refers to the elements of the substantive crime set forth in the opening paragraph of § 924(c)(1)(A), not the penalty provisions of paragraphs i through iii. Thus, a violation of § 924(c) is an element of § 924(j),

R<span>UHNKE</span> & B<span>ARRETT</span>
ATTORNEYS AT LAW

HONORABLE SANDRA L. TOWNES, U.S.D.J.
April 8, 2012
Page 2

which, along with the fact that the defendant caused a death, a jury must find to exist beyond a reasonable doubt.  Since the penalty provisions of § 924(c) have been held not to be elements of that offense, *see Harris v. United States*, 536 U.S. 545, 556 (2002), they cannot be incorporated into § 924(j) as an element.

Finally, nothing about the language of § 924(j) indicates a Congressional intent to incorporate the penalty provisions of (c).  Rather, § 924(j) contains its own separate and distinct penalty provision.  "'[W]here Congress includes particular language in one section but it omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" *Russello v. United States*, 464 U.S. 16, 23 (1983).

Consequently, it is submitted that the penalty provisions set forth in § 924(c) are inapplicable to a sentence for a violation of § 924(j).

            Respectfully submitted,

            */s/ Jean D. Barrett*
            Jean D. Barrett

cc: All counsel via ecf

C:\CASE FOLDERS\Polanco\Judge Townes 4-8-12.wpd