UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
UNITED STATES OF AMERICA,

        - against -                    **MEMORANDUM AND ORDER**

ALEJO POLANCO,                      Case No. 08-cr-65 (RJD)

                  Defendant.
-------------------------------------------------------- X
DEARIE, District Judge

      Alejo Polanco, currently serving a 32-year sentence for his role in eleven armed robberies, moves for compassionate release under 18 U.S.C. § 3582 (c)(1)(A). Between 1999 and 2008, Polanco and his co-defendants targeted narcotics dealers in series of robberies that frequently turned violent. In one instance, Polanco shot and killed a pregnant woman who attempted to intervene when Polanco and his crew were robbing her boyfriend. PSR, ECF 277, ¶¶ 12-15. A jury convicted Polanco of conspiracy to commit Hobbs Act robbery; conspiracy to distribute narcotics; carrying, brandishing, and discharging firearms during the underlying offences; and causing the killing of another in the course of a robbery. Id. ¶¶ 1-5. According to Polanco, with time credits, he could be released in 2032. ECF 409 at 4.

      Section 3582(c)(1)(A) authorizes a court to reduce a term of imprisonment only if a defendant demonstrates both (1) that extraordinary and compelling reasons warrant a modification of their sentence and (2) that the factors outlined in 18 U.S.C. § 3553(a) support such a modification. See 18 U.S.C. § 3582(c)(1)(A); see also United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021) (summarizing standard). Polanco does not satisfy his burden under either of the § 3582(c)(1)(A) requirements. His motion is denied.

      Polanco's request for compassionate release centers on COVID-19 concerns, including the risks posed by overcrowded conditions at FCI Fort Dix where he is housed. But as of

November 28, 2022, only one inmate at Fort Dix was positive for COVID-19. See https://www.bop.gov/coronavirus/. Moreover, Polanco's submission reflects that he contracted COVID-19 in January 2021, see ECF 409 at 51-52, but there is no indication that he received inadequate treatment or has suffered any adverse health consequences as a result of his infection. Additionally, Polanco recognizes that he "has no medical conditions that [are] known to increase the severity of the virus" as compared to the general population. Id. at 8.[1] Finally, the COVID-19 lockdowns that Polanco complains of, while unfortunate, are faced by all inmates and are neither extraordinary nor compelling. In sum, neither the existence of the COVID-19 pandemic, the conditions at Fort Dix, nor Polanco's underlying conditions warrant a reduction in his sentence.

The other factor proffered by Polanco in support of early release, rehabilitation, is likewise insufficient to justify relief. While the Court recognizes Polanco's rehabilitative efforts, the Second Circuit has made abundantly clear that rehabilitation alone cannot justify compassionate release. See United States v. Brooker, 976 F.3d 228, 237-238 (2d Cir. 2020).

Moreover, even if Polanco could present extraordinary and compelling reasons to justify his release from custody, the § 3553(a) sentencing factors do not support the requested relief at this time. The lengthy sentence Polanco serves is commensurate with the nature of his crimes. Polanco and his co-conspirators participated in an extensive series of calculated, callous robberies: after a painstaking reconnoiter of their targets, the group would arrive armed and prepared to use force, as evinced by Polanco's killing of a pregnant woman in the course of one such robbery. Even that killing did not deter Polanco, as he participated in at least nine subsequent robberies. PSR ¶¶ 18-20, 24, 25, 27-30. Moreover, as the government points out,

---

[1] Polanco raises the issue of a potentially cancerous mass, a "lipoma," in his chest. See ECF 409 at 17. But it appears from his medical records that he has been screened for cancer and the lipoma was determined to be benign. Id. at 29, 43.

2

Polanco's submission fails to express any remorse or reflection as to the seriousness of his crimes or their impact on his many victims. In the Court's judgment, Polanco's sentence continues to reflect a proper weighing of the §3553(a) factors.

## CONCLUSION

For the foregoing reasons, Polanco's motion is denied.

SO ORDERED

| | |
|---|---|
| Dated: Brooklyn, New York<br>December 13, 2022 | /s/ Raymond J. Dearie<br>RAYMOND J. DEARIE<br>United States District Judge |